**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Curt Hartman,                    )
                                 )
                Plaintiff,       ) Case No. 1:06-CV-33
                                 )
        vs.                      )
                                 )
Karen Register, <u>et al.</u>,   )
                                 )
                Defendants.      )

O R D E R

        This matter is before the Court on Defendant Karen

Register's motion to dismiss the complaint (Doc. No. 5), motion

to dismiss amended complaint (Doc. No. 9) and motion to dismiss

second amended complaint (Doc. No. 22); Defendants Clear Channel

Communications, Inc. and Richard A. Jaffe's motion to dismiss

(Doc. No. 11), motion to dismiss second amended complaint (Doc.

No. 23), and motion to strike (Doc. No. 23), and Plaintiff Curt

Hartman's motion to strike or, alternatively, for leave to file a

surreply memorandum (Doc. No. 17).  For the reasons set forth

below, Defendant Register's motion to dismiss the complaint and

the amended complaint are **MOOT**; Defendant Register's motion to

dismiss the second amended complaint is **GRANTED IN PART AND MOOT**

**IN PART**; Defendants Clear Channel Communications, Inc. and

Richard A. Jaffe's motion to dismiss and motion to strike are

**MOOT**; Defendants Clear Channel Communications, Inc. and Richard

A. Jaffe's motion to dismiss the second amended complaint is

well-taken and is **GRANTED;** Plaintiff Curt Hartman's motion to

strike is **MOOT**.  The end result of this order is that Plaintiff's

claim versus Defendant Register pursuant to 42 U.S.C. § 1983 is

**DISMISSED WITH PREJUDICE**.  Plaintiff's federal claim pursuant to

42 U.S.C. § 1983 against the John Doe Defendants is **DISMISSED**

**WITH PREJUDICE**.  The Court declines to exercise supplemental

jurisdiction over the remaining state law causes of action.

Accordingly, those claims are **DISMISSED WITHOUT PREJUDICE.**

### I. Background

　　　　A seeming innocuous detail concerning whether a

township resident spoke in person at the May 11, 2004 meeting of

the Pierce Township, Ohio Board of Trustees was accurately

recorded in the official minutes of the meeting has led to

accusations of tampering and the filing of this federal lawsuit.

For purposes of the pending motions, the Court assumes that the

allegations in the second amended complaint are true.

　　　　In May 2004, Plaintiff Curt Hartman was the chairman of

the Pierce Township Board of Trustees.  Second Amended Complaint

¶ 13.  Larry Fisse, who apparently was a resident of the

township, was on the agenda for the May 11, 2004 Board of

Trustees meeting to discuss issues and concerns regarding

Cleveland Lane.  Id. ¶ 12.  Plaintiff announced at the meeting,

however, that Mr. Fisse was unable to attend personally but that

he had previously discussed with Mr. Fisse his concerns about

Cleveland Lane.  Id. ¶ 13.  Plaintiff, therefore, provided the

Board with a detailed report of the issues raised by Fisse.  Id.

　　　　Defendant Karen Register was the Pierce Township clerk

at this time and was responsible for preparing an initial draft

of the minutes of the May 11, 2004 meeting.  Id. ¶ 14.  The draft

minutes prepared by Register soon after the meeting failed to include any mention of Plaintiff's report on the issues raised by Mr. Fisse concerning Cleveland Lane.  Id. ¶ 15.  Subsequently, on May 18, 2004, Register altered the draft minutes to reflect an unspecified issue that Mr. Fisse had raised previously, but not the Cleveland Lane issue.  Id. ¶¶ 16, 20.  Register also altered the minutes so that they indicated that Mr. Fisse was present in person at the May 11, 2004 meeting.  Id. ¶ 17.  At around 8:10 p.m. on May 18, 2004, Register circulated the draft minutes of the meeting to the three members of the Board of Trustees via email.  Id. ¶ 22.

The next relevant meeting of the Board of Trustees was on July 13, 2004.  Id. ¶ 26.  During the meeting, Plaintiff suggested postponing consideration of approval of the minutes of the May 11, 2004 meeting.  Id.  Although he did not state so publicly at the time, Plaintiff wished to postpone consideration of the minutes because they were inaccurate.  Id. ¶ 29.  Over initial objections by Register and one other board member, consideration of the minutes was deferred.  Id. ¶¶ 29-31.

The accuracy of the May 11, 2004 minutes arose again at the August 10, 2004 meeting.  During this meeting Register made a speech in which she became "accusatory towards other individuals, in general, and Plaintiff, in particular, regarding the inaccuracies of the [May 11, 2004 minutes]."  Id. ¶ 36.  The Board, however, approved and adopted the May 11, 2004 minutes at this meeting.  Id. ¶ 37.

The complaint next alleges that on other previous occasions of meetings of the Board of Trustees Plaintiff had been critical of the accuracy of draft minutes prepared by Register. Id. ¶ 38.  Plaintiff had also been critical of Register's performance of her duties as township clerk.  Id.

At the January 11, 2005 meeting of the Board of Trustees, Plaintiff voted against approving the minutes of the October 12, 2004 meeting.  Id. ¶ 39.  Plaintiff publicly stated that he voted against approval of the minutes because he believed that they did not fairly and accurately reflect the decisions of the Board.  Id. ¶ 40.

Register spoke again at the February 8, 2005 meeting of the Board of Trustees.  On this occasion, Register announced that she had not typed the information in the May 11, 2004 minutes which indicated that Mr. Fisse was present at the meeting. Moreover, Register falsely accused Plaintiff of altering the minutes.  Id. ¶ 43.  Register also falsely accused Plaintiff of surreptitiously using her township computer to alter the minutes of the May 11, 2004 meeting.  Id. ¶ 48.  Register charged Plaintiff with "an apparent break in on my computer and tampering with township minutes" and "falsification of the unapproved minutes."  Id. ¶ 50.  Register also alleged that Plaintiff took these actions for the purpose of hindering her in the performance of her official duties.  Id. ¶ 52.  Further, Register stated that she had been informed by the Clermont County Prosecutor's Office that the actions which she accused Plaintiff of taking were

against the law, thus implying that Plaintiff had committed a criminal violation.  Id. ¶ 54.  Although Register did not accuse Plaintiff by name, she intended that it "be clearly understood by individuals in attendance at the meeting . . . that she was directly accusing Plaintiff of undertaking the aforementioned actions (including accusing Plaintiff of engaging in criminal conduct), even though such actions never actually occurred or was [sic] undertaken by Defendant Register herself."  Id. ¶ 55. Register arranged for her allegedly false accusations against Plaintiff to be published in a local newspaper, The Community Journal Clermont.  Id. ¶ 61.

Plaintiff alleges that Register made the alleged false and defamatory statements about him in retaliation for his vote against approving the minutes of the October 12, 2004 meeting. Id. ¶ 62.  Plaintiff also claims that Register made her alleged false and defamatory statements about him in retaliation for his criticism of her performance of her duties as township clerk. Id. ¶ 76.  Additionally, Plaintiff claims that Register made the allegedly false and defamatory statements about him in order to infringe on his free speech rights relative to his own prospective campaign to run against Register as township clerk. Id. ¶ 87.  Plaintiff claims that as a result of Register's alleged retaliation against him, he has been subjected to hate, ridicule, odium, contempt, and loss of reputation and goodwill, and has been chilled in the exercise of his First Amendment rights.  Id. ¶¶ 95, 97-147.

The second amended complaint alleges an alternative set of facts concerning the events of the February 8, 2005 Board of Trustees meeting as it relates to Defendants Jaffe and Clear Channel Communications.  Under the alternative version of the events, Register did not intend to accuse Plaintiff of misconduct concerning the alteration of the May 11, 2004 minutes.  Nor did she intend for it to be understood that she was accusing Plaintiff of misconduct.  Nevertheless, Jaffe, who is a reporter for Channel 12, a television station owned by Clear Channel, reported on the February 9, 2006 news that:

> The Pierce Township clerk is accusing a trustee of illegally altering the minutes of a township meeting from last May.  Pierce Township Clerk Karen Register claims that Trustee Curt Hartman broke into her computer to make the changes.  She also says changes were made to the handwritten meeting minutes.  At last night's trustee meeting, Register asked trustees to vote on asking the police department to open a criminal investigation.  It was approved two to one, with Hartman casting the lone vote against.

Id. ¶ 166.  Channel 12 also published the same story on its website, www.wkrc.com, beginning about 6:30 p.m. on February 9, 2005.  Id. ¶ 167.  Plaintiff alleges that all of the facts reported in Jaffe's report are incorrect, false, and defamatory. Id. ¶¶ 170-178.

Furthermore, Plaintiff claims that on February 10, 2005, at around 8:00 a.m., Register contacted the news department at Channel 12 and informed them that she had not accused Plaintiff of illegally breaking into her computer.  Id. ¶¶ 184-85.  Despite being in possession of this information, however, Channel 12 did not remove its allegedly false and defamatory

story concerning Plaintiff until approximately 1:30 p.m. on February 10.   Id. ¶ 188.

The second amended complaint asserts a claim under 42 U.S.C. § 1983 against Defendant Register for allegedly violating Plaintiff's First Amendment rights.  The complaint alleges that Defendant Register made her allegedly false and defamatory statements about Plaintiff to retaliate against him for his exercise of free speech under the First Amendment.  The complaint also asserts  state law claims against Defendant Register for slander and libel and slander and libel per se.  The second amended complaint asserts claims against Defendants Jaffe and Clear Channel Communications, Inc. for slander and libel and slander and libel per se.  Finally, the second amended complaint asserts claims  for federal civil rights violations, slander and libel, slander and libel per se, and civil conspiracy against John Doe defendants who allegedly participated in committing the state and federal torts allegedly perpetrated against Plaintiff.

The procedural history prior to the filing of the second amended complaint is a bit convoluted.  Plaintiff filed the original complaint (Doc. No. 1) on January 23, 2006.  This complaint asserted federal constitutional claims against Defendant Register pursuant 42 U.S.C. § 1983 and 42 U.S.C. § 1985. The complaint further asserted state law slander and libel claims against Register.  The complaint also alleged state law slander and libel claims against Defendants Jaffe and Clear Channel Communications, Inc.  There was also a state law civil

conspiracy claim filed against all of the Defendants.  Finally, the original complaint asserted slander and libel claims against John Doe Defendants.

On February 27, 2006, Defendant Register moved to dismiss the federal claims in the original complaint pursuant to Rule 12(b)(6) on the grounds of absolute legislative immunity. Doc. No. 5.  Register also moved to dismiss the slander and libel claims pursuant to state law absolute immunity.

Plaintiff responded to Defendant Register's motion to dismiss by filing a first amended complaint (Doc. No. 6).  The first amended complaint contained the same basic causes of action but added some factual allegations that were not in the original complaint and made some minor alterations to a few others. Plaintiff also filed a memorandum in opposition to Defendant Register's motion to dismiss which addressed the substantive issues concerning absolute legislative immunity.  Doc. No. 7.

On April 12, 2006, Defendant Register filed a motion to dismiss the amended complaint (Doc. No. 9), which again raised legislative immunity as grounds for dismissal.  On May 5, 2006, Plaintiff filed a memorandum in opposition to Defendant Register's motion which reincorporated his memorandum in opposition to the motion to dismiss the original complaint and which further elaborated on the legislative immunity issues.

On May 22, 2006, Defendants Jaffe and Clear Channel moved to dismiss the amended complaint as to the claims against them. In their memorandum, Defendants raised several grounds for

dismissing the amended complaint.  Noting that truth is a complete defense to claims of slander and libel, Defendants submitted the affidavits of Pierce Township Police Chief James Smith and Ohio Bureau of Criminal Identification and Investigation Special Agent Karen Rebori.  Smith and Rebori investigated the alleged tampering with Register's computer.  In their affidavits, both Smith and Rebori state that during the course of their investigation, Plaintiff admitted that he had accessed Register's computer and changed the minutes of the May 11, 2004 meeting.  Defendants also argued that their report of the February 5, 2005 meeting is protected under state law by the "fair report" privilege.  Defendants further argued that the amended complaint did not demonstrate that they acted with actual malice, i.e., that they knew their report was false or recklessly disregarded the falsity of their report.

On June 15, 2006, Plaintiff filed a memorandum in opposition to Defendants Jaffe and Clear Channel's motion to dismiss the first amended complaint. Doc. No. 14.  Plaintiff's brief addressed the substantive issues raised in Defendants' motion to dismiss.  Additionally, Plaintiff submitted his own affidavit in which he denies that he admitted to Chief Smith and Special Agent Rebori that he accessed Register's computer.

Also on June 15, 2006, Plaintiff filed a motion for leave to file a second amended complaint.  Doc. No. 15.  The purpose of filing a second amended compliant, according to Plaintiff, was to "set forth clearly and separately the claims

9

and factual allegations against Defendant Register, on the one hand, Defendants Clear Channel and Jaffe, on the second hand, and the John Doe Defendants, on the third hand." Id. at 2. Plaintiff also proposed to withdraw his conspiracy claims and aiding and abetting slander and libel claims. Id.

Defendants Jaffe and Clear Channel filed a reply brief to their motion to dismiss the first amended complaint (Doc. No. 16). Plaintiff then filed a motion to strike portions of Defendants' reply brief on the grounds that Defendants raised new issues therein. Doc. No. 17. Alternatively, Plaintiff moved to file a sur-reply brief.

On September 7, 2006, the Court granted Plaintiff leave to file the proposed second amended complaint. Doc. No. 21. In the order, the Court granted Defendants leave to supplement, reincorporate, or elaborate upon their pending motions to dismiss. Defendants Jaffe and Register filed a motion to dismiss the second amended complaint on September 28, 2006. Doc. No. 23. In this motion, Defendants again assert truth, the fair report privilege, and absence of malice in defense of Plaintiff's claims. Defendants further argue that Plaintiff should not be permitted to continue with contradictory allegations concerning whether Defendant Register made defamatory statements about him. Finally, Defendants argue that the Court should not exercise supplemental jurisdiction over Plaintiff's claims because the state law claims substantially predominate over the federal claim.

On September 29, 2006, Defendant Register filed a motion to dismiss the second amended complaint (Doc. No. 24).  In her motion, Register argues that Plaintiff's federal claim should be dismissed because the complaint fails to demonstrate that Plaintiff was subjected to adverse action which would deter a person of ordinary firmness from continuing to engage in protected conduct.  Register further points out that Plaintiff has alleged no injury resulting from the alleged retaliation other than generalized harm to his character and reputation. Register then reincorporates her legislative immunity arguments as to Plaintiff's slander and libel claims.

## II. Motions Concerning Preceding Complaints

Defendant Register has filed a motion to dismiss the original complaint and the first amended complaint.  Doc. Nos. 5 & 9.  Defendants Jaffe and Clear Channel have filed a motion to dismiss the first amended complaint. Doc. No. 11.  The Court, however, has granted Plaintiff leave to file a second amended complaint.  The general rule is that an amended pleading supersedes the original and remains in effect, unless again modified, from that point forward. 6 Wright, et al., FEDERAL PRACTICE & PROCEDURE § 1476, at 556-57 (2nd ed. 1990 & Supp. 2001). Once an amended pleading is filed, the original pleading no longer performs any function in the case.  Id.  Any subsequent motion filed by the opposing party should be directed at the amended pleading. Id.

Accordingly, Defendants' motions to dismiss the original complaint and the first amended complaint are **MOOT**.  The Court will, however, consider the arguments asserted in these pleadings to be incorporated by reference into the motions to dismiss the second amended complaint.

Plaintiff Hartman's motion to strike or to file a surreply memorandum (Doc. No. 17) concerns a new issue raised by Jaffe and Clear Channel in support of their motion to dismiss the first amended complaint.  The new issue raised by Defendants in their reply brief - whether the court should exercise supplemental jurisdiction over the state law claims - arose again in their motion to dismiss the second amended complaint. Plaintiff addressed supplemental jurisdiction in his memorandum in opposition to the motion to dismiss the second amended complaint, and thus has had a full and fair opportunity to litigate this issue.  Accordingly, Plaintiff's motion to strike or to file a surreply brief is **MOOT.**

### III. Motions to Dismiss

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.  In its consideration of a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations in the complaint as true.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) and Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155

(6th Cir. 1983).  A court, however, will not accept conclusions
of law or unwarranted inferences which are presented as factual
allegations.  <u>Blackburn v. Fisk University</u>, 443 F.2d 121, 124
(6th Cir. 1974).  A court will, though, accept all reasonable
inferences that might be drawn from the complaint.  <u>Fitzke v.
Shappell</u>, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

When considering the sufficiency of a complaint
pursuant to a Rule 12(b)(6) motion, this Court recognizes that "a
complaint should not be dismissed for failure to state a claim
unless it appears beyond doubt that the Plaintiff can prove no
set of facts in support of his claim which would entitle him to
relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-6 (1957).

### B. <u>Analysis</u>

#### 1. <u>Defendant Register's Motion</u>

In order to state a claim for retaliation under the
First Amendment, the complaint must allege: 1) that the plaintiff
was engaged in a constitutionally protected activity; 2) that the
defendant's adverse action caused the plaintiff an injury that
would likely chill a person of ordinary firmness from continuing
to engage in that activity; and 3) that the adverse action was
motivated at least in part as a response to the exercise of the
plaintiff's constitutional rights.  <u>Mattox v. City of Forest
Park</u>, 183 F.3d 515, 520 (6th Cir. 1999).

At the outset, the Court notes that to the extent
Plaintiff alleges that Register retaliated against him for
contesting the accuracy of the minutes of the meetings of the

Board of Trustees, he was not engaged in activity protected by the First Amendment.  In <u>Garcetti v. Ceballos</u>, 126 S. Ct. 1951 (2006), the Court held that "the First Amendment does not prohibit managerial discipline based on an employee's expressions made pursuant to his official responsibilities."  <u>Id.</u> at 1961.  In this case, the second amended complaint is clear that Plaintiff's opposition to the minutes of the Board of Trustees meetings occurred in the context of his official duties as a trustee of Pierce Township.  <u>See</u> Second Amended Complaint ¶¶ 26, 29, 38, 40, 74, 75, 76.[1]  Moreover, under state law, the Board of Trustees was and is required to record and make available for public inspection the minutes of its meetings.  <u>See</u> <u>State ex rel. The Fairfield Leader v. Ricketts</u>, 564 N.E.2d 486, 491 (Ohio 1990); Ohio Rev. Code § 121.22(C).  Thus, in attempting to ensure the accuracy of the Board's minutes, Plaintiff was simply endeavoring to fulfill the Board's duty to comply with the state's Sunshine Law.  Although <u>Garcetti</u> is different from this case in that there was not an employer-employee relationship

---

[1]    Paragraph 38 of the second amended complaint states that Plaintiff raised and discussed his concerns regarding the accuracy of the minutes at Board of Trustees meetings "and at times other than such meetings."  The second amended complaint, however, does not further elaborate as to the other times Plaintiff allegedly contested the accuracy of the minutes.  In any event, the second amended complaint alleges that Register's defamatory statements were motivated by Plaintiff's comments during the January 11, 2005 meeting.  Second Amended Complaint ¶¶ 74, 76.  Therefore, to the extent that the other times Plaintiff contested the accuracy of the minutes in other than his official capacity, the second amended complaint fails to demonstrate a causal connection between his expression and Register's alleged retaliation.

between Plaintiff and Defendant Register, <u>Garcetti</u> is still applicable because it makes clear that speech made pursuant to an individual's official duties is not protected by the First Amendment.  The distinction between the public employee in <u>Garcetti</u> and an elected official, in this case Plaintiff, is inconsequential.  <u>See</u> <u>Rangra v. Brown</u>, No. P-05-CV-075, 2006 WL 3327634, at *5 (W.D. Tex. Nov. 7, 2006)("For purposes of determining what constitutes protected speech under the First Amendment, there is no meaningful distinction among public employees, appointed public officials, and elected public officials."); <u>Hogan v. Township of Haddon</u>, No. 04-2036 (JBS), 2006 WL 3490353, at *7 (D.N.J. Dec. 1, 2006)(applying <u>Garcetti</u> to an elected township commissioner).  Therefore, the second amended complaint fails to state a claim for relief under the First Amendment to the extent it is based on Plaintiff's opposition to approving minutes of Board of Trustees meetings.

        The remaining speech or expression relates to Plaintiff's criticism of Defendant Register's performance as township clerk and his potential campaign to run for that position.  The Court agrees with Register that the second amended complaint fails to demonstrate that Plaintiff was subjected to an adverse action.  In this case, the inquiry is whether an elected public official of ordinary firmness would be deterred from criticizing other public officials and running for public office as a result of Register's allegedly defamatory statements.  <u>See</u> <u>Mezibov</u>, 411 F.3d at 721 ("[W]e are required to tailor our

15

analysis under the adverse action prong to the circumstances of
this specific retaliation claim.")(citing Thaddeus-X v. Blatter,
175 F.3d 378, 398 (6th Cir. 1999)(internal quotation marks
omitted).[2]  In this case, the Court finds that an elected public
official of ordinary firmness would not be deterred from
criticizing other public officials and running for office.

      Firstly, and importantly, as the Court stated in
Mattox, "public officials may need to have thicker skin than the
ordinary citizen[.]"  183 F.3d at 522.  Moreover, despite the
allegations of criminal conduct by Register, the second amended
complaint discloses little more than bickering and squabbling
between public officials which is not actionable under the First
Amendment.  Zilich v. Longo, 34 F.3d 359, 363 (6th Cir. 1994).
Thus, public officials, such as Plaintiff, are expected to endure
comments such as Register's without resorting to federal
lawsuits.

      A comparison of this case to others is also useful.  In
Mattox, the Court held that the plaintiff, an elected official,
did not suffer an adverse action where the defendants
deliberately and publicly attempted to discredit the plaintiff in
retaliation for her actions in investigating the fire department.
183 F.3d at 522.  In Mezibov, the plaintiff, a criminal defense
attorney, did not suffer an adverse action even though the county

---

[2]    Thus, in Mezibov, the inquiry under the adverse action
prong was whether "the alleged defamation would deter a criminal
defense attorney of ordinary firmness from continuing to file
motions and vigorously defend his client."  411 F.3d at 721.

prosecutor publicly stated, in essence, that the plaintiff

incompetently represented his client during a trial.  411 F.3d at

715-16, 722-73.  In Colson v. Grohman, 174 F.3d 498 (5th Cir.

1999), a somewhat similar case factually, the Court held that the

plaintiff, an elected official did not suffer an adverse action

even though the defendants subjected her to criticism, an

investigation, and false accusations." Id. at 512; see also id.

at 514 ("[T]he defendants' allegedly retaliatory crusade amounted

to no more than the sort of steady stream of false accusations

and vehement criticism that any politician must be expected to

endure.").  Barrett v. Harrington, 130 F.3d 246 (6th Cir. 1997),

on the other hand, is distinguishable from this case because,

although the defendant, a county judge, publicly made false

accusations of criminal conduct against the plaintiff in

retaliation for his criticism of her, the plaintiff was a private

citizen, not a public official.  Id. at 249, 262.

        Register's alleged conduct in this case was no more

egregious, and probably less so, than the conduct at issue in

these cases.  Register made a public statement charging Plaintiff

with altering the minutes of the meeting and improperly accessing

her computer and she called for an investigation of the incident.

However, the second amended complaint does not disclose any

campaign or attempt by Register to publicly discredit Plaintiff,

as occurred in Mattox and Colson.  For an attorney, a false

charge of professional incompetence can be at least as disastrous

17

as a false accusation of criminal conduct,[3] and yet in <u>Mezibov</u>, such a statement was insufficient to deter defense attorneys of ordinary firmness.  Because elected officials are supposed to be thick-skinned, Register's statements would not deter an elected official from criticizing the performance of other elected officials and running for office.  Indeed, similar to the case in <u>Mezibov</u>, the Court would think that such comments from a political opponent would inspire a public official or office-seeker to strive harder to defeat perceived incompetent incumbents.  <u>See</u> <u>Mezibov</u>, 411 F.3d at 723.[4]

For the reasons stated, the second amended complaint does not state a claim against Defendant Register for retaliation under the First Amendment.  Accordingly, Defendant Register's motion to dismiss the First Amendment retaliation claim contained in Plaintiff's First Cause of Action is well-taken and is **GRANTED.**  That claim is **DISMISSED WITH PREJUDICE.**  The liability of the John Doe Defendants for the alleged constitutional tort is

---

[3]     "Charges of attorney incompetence are far from a trivial matter for legal counsel. 'Professional reputation' is an attorney's lifeblood, and the stigma of a published finding of incompetence is obviously harmful to a legal career. <u>Call v. Polk</u>, No. 5:04-CV-167, 2006 WL 3333063, at *4 (W.D.N.C. Nov. 16, 2006); <u>see</u> <u>also</u> <u>Paters v. United States</u>, 159 F.3d 1043, 1051 (7th Cir. 1998)(Coffey, J., dissenting)(taking note of "the disastrous effects that charges of incompetence can wreak upon an attorney's professional reputation").

[4]     "To the extent these comments are not constitutionally protected in their own right, we do not think they exact a harm upon Mezibov that would deter an ordinary criminal defense attorney from vigorously representing his clients. If anything, we think the opposite: that such comments would spur the typical attorney to go out of his way to prove them wrong."

is derivative of Register's liability.  Accordingly, Plaintiff's Sixth Cause of Action, asserting a claim pursuant to 42 U.S.C. § 1983 against the John Doe defendants, is **DISMISSED WITH PREJUDICE.**

### 2. Remaining State Law Claims

The remaining claims in the second amended complaint are state law causes of action.  The Court does not have diversity jurisdiction over these claims because there is not complete diversity among the parties.  See Second Amended Complaint ¶¶ 1, 5 (indicating that both Plaintiff and Defendant Jaffe are citizens of the state of Ohio).  Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims.  See Hankins v. The Gap, Inc., 84 F.3d 797, 802-03 (6th Cir. 1996). Accordingly, Plaintiff's state law causes of action are **DISMISSED WITHOUT PREJUDICE.**

<u>Conclusion</u>

Defendant Register's motion to dismiss the complaint and the amended complaint are **MOOT**; Defendant Register's motion to dismiss the second amended complaint is **GRANTED IN PART AND MOOT IN PART**; Defendants Clear Channel Communications, Inc. and Richard A. Jaffe's motion to dismiss and motion to strike are **MOOT**; Defendants Clear Channel Communications, Inc. and Richard A. Jaffe's motion to dismiss the second amended complaint is well-taken and is **GRANTED;** Plaintiff Curt Hartman's motion to strike is **MOOT**.  Plaintiff's claims versus Defendant Register and the John Doe Defendants pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.  The Court declines to exercise supplemental jurisdiction over the remaining state law causes of action.  Accordingly, those claims are **DISMISSED WITHOUT PREJUDICE.**

     **IT IS SO ORDERED**

Date_ March 26 2007 _          _____ s/Sandra S. Beckwith _____
                         Sandra S. Beckwith, Chief Judge
                         United States District Court